## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

DIANA MAE PETERSON,

        Plaintiff,

v.

VALLEY VIEW ASSISTED LIVING,
KRISTEN SURDY, ROBERT BENSON,
LANA, and KENDRA - Nursing Assistant,

        Defendants.

Civil No. 14-0392 (MJD/JJG)

**REPORT AND RECOMMENDATION**

    This case is before the undersigned United States Magistrate Judge on Plaintiff's pro se application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1).   (Docket No. 2.)   The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.   For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of subject matter jurisdiction.

## I.   BACKGROUND

    Plaintiff commenced this action by filing a complaint seeking relief against a Defendant identified as "Valley View Assisted Living," which apparently is a residential facility located in Owatonna, Minnesota.   It appears that Plaintiff also is attempting to sue several employees of Defendant Valley View Assisted Living.

    Plaintiff alleges that Defendants have violated her "civil rights" by threatening her, taking some of her personal property, and causing her to be charged with driving under the influence.   Plaintiff asserts that federal subject matter jurisdiction exists under the "federal question" statute – 28 U.S.C. § 1331. (Complaint, [Docket No. 1], p. 3, ¶ 3.)

However, Plaintiff has not identified any specific federal law on which her lawsuit purportedly is based.   The Court must therefore consider whether federal subject matter jurisdiction actually does exist in this case.

## II.   DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case."   Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991).   "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte."   Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."   (Emphasis added.)

Here, Plaintiff repeatedly claims that Defendants have violated her "civil rights," which suggests that she is attempting to sue Defendants under the federal civil rights statute – 42 U.S.C. § 1983.   "Section 1983 authorizes a 'suit in equity, or other proper proceeding for redress,' against any person who, under color of state law, 'subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution.'"   Nelson v. Campbell, 541 U.S. 637, 643 (2004) (citations omitted) (emphasis added).   However, Plaintiff's complaint fails to state an actionable § 1983 claim for two reasons.   First, she has not identified any specific provision of the federal Constitution that might be relevant to her claims. Second, there are no allegations showing that any Defendant in this case is a state actor. See Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001) ("[o]nly state actors can be held liable under Section 1983"), cert. denied, 535 U.S. 1017 (2002).

Because Plaintiff has failed to plead an actionable claim for relief under § 1983, she cannot rely on that statute to provide federal subject matter jurisdiction.   Moreover, Plaintiff has not cited any other federal law on which her current lawsuit could be based. Thus, the Court finds that federal subject matter jurisdiction does not exist under 28 U.S.C. § 1331.

The Court further finds that subject matter jurisdiction cannot exist under the "Diversity of Citizenship" statute, 28 U.S.C. § 1332.   Plaintiff's complaint indicates that she and all Defendants are residents of the same state, (namely Minnesota), and that information is confirmed by the "Civil Cover Sheet" that Plaintiff filed with her complaint. Therefore, subject matter jurisdiction cannot be predicated on diversity of citizenship.

## III.   CONCLUSION

For the reasons discussed above, the Court concludes that federal subject matter jurisdiction is not present in this case under either the federal question statute, or the diversity of citizenship statute.   Because there is no federal subject matter jurisdiction, Plaintiff's current lawsuit cannot be entertained in federal court.   Therefore, the Court will recommend that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[1]

---

[1]   The Court's recommendation does not necessarily signify that Plaintiff has no actionable claim for relief; it simply means that she will have to pursue her claims in state court, rather than federal court.   It is doubtful, however, that Plaintiff's current complaint could survive preliminary review in state court, because she has done such a poor job of describing her claims.   Plaintiff is strongly encouraged to seek legal assistance before attempting to initiate any further legal proceedings in any court.

## IV.    RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.    Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2),

be **DENIED**; and

2.    This action be summarily **DISMISSED** for lack of subject matter jurisdiction,

pursuant to Fed. R. Civ. P. 12(h)(3).


Dated:   February 27, 2014          _s/ Jeanne J. Graham_
                                    JEANNE J. GRAHAM
                                    United States Magistrate Judge



**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **March 17, 2014**.  A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words.   The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.